■ In the Matter of ROYAL CROSPIN CORP., Appellant, v NEW YORK CITY LOFT BOARD, Respondent, and JILL BAKER et al., Intervenors-Respondents. [691 NYS2d 416] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about April 8, 1998, which denied petitioner owner's application to annul respondent Loft Board's rejection, as untimely, of petitioner's challenge application to the sale of fixtures and improvements at the subject unit, unanimously affirmed, without costs.

Petitioner's challenge application was rejected because it was not served on the outgoing and prospective tenants at their respective addresses specified on their sale of improvements disclosure form, as required by 29 RCNY 2-07 (b) and (g) (1) (ii) (A), within 20 days after the tenants' additional information had been personally delivered to petitioner, as required by 29 RCNY 2-07 (b) and (f) (3). The 20-day time limit is clearly geared to the tenants' service of the additional information, not to the Loft Board's decision under 29 RCNY 2-07 (f) (2) (ii) as to whether the proposed sale should be disallowed because of a previously recorded sale. Nothing in the regulatory scheme permits an owner to refrain from proceeding with a challenge application pending such decision; nor was there anything about the letter the Loft Board wrote to the outgoing tenant's attorney requesting further information pertaining to a possible prior sale that should have confused petitioner into believing that the proposed sale had been rejected. Indeed, far from confused about the need to proceed, it appears that petitioner, who filed the challenge application and actually served it on the tenants at the subject unit within the 20-day period, simply ignored that part of the disclosure form specifying the tenants' respective addresses as "c/o" their respective attorneys, until the outgoing tenant's administrative application to dismiss the challenge application on the ground that it was not served at the attorneys' addresses. For purposes of enforcing this 20-day time limit, the Loft Board need not show that the tenants suffered prejudice as a result of petitioner's failure to meet it (29 RCNY 2-07 [f] [3], [4]; *see, Matter of Mark-Holli Realty v New York City Loft Bd.*, 205 AD3d 399). We have considered petitioner's other arguments and find them to be unavailing. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.